UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MANUEL BELIZ,

        Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

        Defendant.

Case No. 3:16-cv-00006-ST

**FINDINGS AND RECOMMENDATION**

**STEWART, Magistrate Judge:**

Plaintiff, Manuel Beliz ("Beliz"), appearing *pro se*, filed this case in the Circuit Court for the State of Oregon for the County of Washington on November 30, 2015, against the "Tigard Station Portland, OR 972236222 4067870023-0097" alleging a negligence claim, apparently intended against the United States Postal Service ("USPS") and a USPS employee, Shawneen Behta,[1] based on the loss of a certified mail letter he purchased and intended to be sent on December 17, 2014.

On January 4, 2016, the USPS removed the action to this court pursuant to 28 USC § 1442 based on its status as a federal agency. Notice of Removal, ¶¶ 2-3. On February 4, 2016, the USPS filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (docket #4). This

---

[1] The caption of the Complaint does not name Shawneen Behta, but she is identified in paragraph 6 as the manager of the Tigard Post Office and also is named in the caption of the Summons.

court then provided Beliz with a Notice to Self-Represented Litigants (docket #6). Beliz has submitted nothing in response to the pending motion to dismiss.

## FINDINGS

The sole act underlying Beliz's claim for negligence is the alleged loss of a certified mail letter he purchased at the Tigard, Oregon, post office. Complaint, ¶¶ 2-11.

Federal courts have limited jurisdiction, and a case is presumed to fall outside that jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). Under FRCP 12(h), the court is required to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." *Augustine v. United States*, 704 F2d 1074, 1077 (9th Cir 1983). A court's subject matter jurisdiction "can never be waived or forfeited," objections to the court's jurisdiction "may be resurrected at any point in the litigation," and courts are obligated to consider *sua sponte* the requirements that go to subject matter jurisdiction. *Gonzalez v. Thaler*, 132 S Ct 641, 648 (2012); *Kwai Fun Wong v. Beebe*, 732 F3d 1030, 1035 (9th Cir 2013), *aff'd*, 135 S Ct 1625 (2015).

Under the Federal Tort Claims Act, the United States has waived its sovereign immunity for certain tort claims resulting from injuries caused by the negligent or wrongful acts of federal employees acting within the scope of their employment. 28 USC §§ 1346(b)(1), 2671-80. However, the United States has not waived its sovereign immunity for any claim "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 USC § 2680(b). Accordingly, sovereign immunity bars Beliz's alleged claim. *See Rider v. U.S. Postal Serv.*, 862 F2d 239, 242 (9th Cir 1988) ("Congress has retained immunity for the Postal Service from tort claims 'arising out of the loss, miscarriage, or negligent transmission of letters and postal

matter.'") *quoting* 28 USC § 2680(b) and *citing* 39 USC § 409(c) (Suits by and against the Postal Service) and *Anderson v. U.S. Postal Serv.*, 761 F2d 527, 528 (9th Cir 1985).

## RECOMMENDATION

For the reasons stated above, the USPS's Motion to Dismiss (docket #4) should be GRANTED, and this action should be dismissed with prejudice.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due Friday, March 11, 2016. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED February 23, 2016.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge